## PROMISES MADE WITHOUT CONSIDERATION NOT ENFORCIBLE.

Circuit Court of Cuyahoga County.

EMMA S. TOWNSEND v. THE CITIZENS SAVINGS & TRUST CO.

Decided, December 16, 1912.

*Contracts—When Mutual Promise to Make Gifts Not a Consideration— Deed Absolute, When Treated as Mortgage.*

1. Mutual promises to make gifts can not be enforced by the donee, even if some of the donors complete their gifts, unless the donee is an educational, religious or philanthropic institution, or has expended money or incurred obligations arising from the acceptance of the promise; hence, mutual promises to contribute toward the payment of the debt of another furnish no consideration for the promise of one of the number, under no obligation to the promisee, who relinquished no rights and incurred no obligations by accepting such promise.

2. A deed executed to secure the payment of money will be treated in
   equity as a mortgage and not as an absolute conveyance, and when
   the grantor retains possession of the land such deed is voidable in
   so far as it was given to secure the payment of an obligation not
   the grantor's and for which the grantor received no consideration.

*A. A. & A. H. Bemis,* for plaintiff.
*M. B. & H. H. Johnson* and *C. R. Mergerth,* contra.

WINCH, J.; MARVIN, J., and MEALS, J., concur.

This is an action by plaintiff to have a deed, absolute on its
face, declared a mortgage, for an accounting of the amount due
thereon and redemption of the premises.

The deed in question was executed by plaintiff and her hus-
band, F. H. Townsend, August 6, 1907, to David Morison, and
at the same time an instrument in writing was executed, which
witnessed that said premises were held by said Morison in trust,
first, as security for the payment of the indebtedness owing by
the grantors to the Dime Savings & Banking Company, and sec-
ondly, as security for the payment of the indebtedness of one
John P. Cowing to said bank.

Plaintiff's indebtedness to the bank at that time was about
$18,000; it is now somewhat less. Cowing's indebtedness to the
bank was nearly $300,000.

Since the execution of the deed to Morison the Dime Savings
& Banking Company has failed and its assets have all been
turned over to the defendant, the Citizens Savings & Trust Com-
pany, to which company Morison, in pursuance of his trust and
upon request of the Townsends, has deeded the premises de-
scribed in the deed to him, the latter company to hold said
premises upon the same trusts upon which it was conveyed to
Morison.

The Citizens Savings & Trust Company has since sold the
premises to one Harry E. Chapman, who had full notice of the
title and facts in the case, and the latter mortgaged them to the
Guardian Savings & Trust Company, which company we find
took without notice of plaintiff's claims.

Plaintiff is ready to pay the balance now due on her own
original indebtedness to the Dime Savings & Banking Company,

but says that she ought not to be compelled to pay any of the Cowing indebtedness to that bank for two reasons; first, because she was mislead by the agent of the bank into signing certain papers in which she assumed the Cowing indebtedness to the bank, and second, because there was no consideration for her assumption of said Cowing indebtedness.

As to the first proposition, it is sufficient to say that the evidence does not sustain plaintiff's claim.

The second proposition is more difficult; it involves a consideration of two written instruments signed by plaintiff and others, one dated August 6, 1907, and executed contemporaneously with the deed to Morison, and the other dated October 18, 1907. Copies of these two agreements are appended to this opinion, but their contents will be stated as briefly as possible.

The writing dated August 6, 1907, is a three-party agreement; the first parties are plaintiff and her husband, F. H. Townsend; the second party is Charles A. Post, and the third party is David Morison. This agreement recites that the parties "have done and agreed to do as hereinafter stated, the consideration for the things done and agreed to be done by each party being those done and agreed to be done by the other parties."

Then follows a statement that first parties, for the purpose of securing payment of the indebtedness of John P. Cowing to the Dime Savings & Banking Company, have conveyed to third party the land here in question, subject to the right of the bank to require said land to be applied in satisfaction of any indebtedness owing to it by first parties jointly. Frank H. Townsend also pledges certain stock for the same purpose, and there is a provision for the application of securities pledged by Cowing and his wife on his own indebtedness. Second and third parties, for the purpose of further securing the indebtedness of Cowing to the bank, agree that after the securities of Cowing and his wife and the securities of first party, so far as applicable, have been applied by the bank to Cowing's debt, they will each pay one-half of the balance of Cowing's indebtedness to the bank, not exceeding, however, $50,000 for each of second and third parties. Second party also pledges to the bank certain securities as collateral for his promise.

The evidence does not show any obligation on the part of plaintiff to pay the bank any part of the Cowing indebtedness, unless that obligation was created by this instrument, or the one of October 18, 1907, which will be referred to later. Whether F. H. Townsend, Charles A. Post or David Morison were under any obligation to the bank to pay any part of the Cowing indebtedness, is immaterial. If they were not, then all the parties to the three-party agreement were volunteers, so far as the Cowing debt was concerned, and their promises in behalf of the bank would be gratuitous; if all but plaintiff owed some moral or legal duty to the bank, growing out of the Cowing claim, that duty from them to the bank does not make the obligation of Mrs. Townsend any stronger; on the contrary, it weakens it.

It is clear that the three-party agreement was made for the benefit of the bank, although it was not a party to the agreement. It is equally clear that no consideration moved from the bank to plaintiff for her promises contained in this agreement; from it arose no benefit to her nor detriment to the bank.

It is claimed by defendant, however, that consideration for plaintiff's promise is found in the promises of David Morison and Charles A. Post to each pay one-half of the indebtedness of Cowing to the bank after the application thereto of the Cowing securities and the Townsend securities.

To analyze this claim, let us assume that none of the parties were under any obligation to pay the Cowing debt. Then all of them, as is certainly true of Mrs. Townsend, were promising to make gifts to the bank.

Mutual promises to make gifts can not be enforced by the donee, even if some of the donors complete their gifts, unless the donee be of the character found in the case of *Irwin, Admr.*, v. *Lombard University*, 56 O. S., 9, or has expended money or incurred obligations arising from acceptance of the promise. No such qualifying circumstances are found in this case.

If the other parties were under some obligation to the bank to make good Cowing's debt to it, then, as was said before, its claim upon Mrs. Townsend's promise to make a gift is weakened, not strengthened. Had they not completed their promises they could have been compelled by the bank to keep them, but

that fact would have completely wiped out any apparent consideration moving from Morison or Post to Mrs. Townsend, in the guise of detriment to them, or benefit to her; nor could her promise then be said, in the language of the case cited, to "in any manner influence the conduct of others."

So far attention has been given only to the question of consideration for Mrs. Townsend's promise to pay Cowing's debt, as contained in the three-party agreement of August 6, 1907. The deed to Morison securing that promise, has not been mentioned.

Were that instrument an ordinary mortgage, it is conceded that this case would be ruled by the case of *Kuzell* v. *The Citizens Savings & Trust Company*, No. 5034, decided by this court February 13, 1912, where it was held that consideration is needed to support a mortgage and that the antecedent debt of a third person is not in itself sufficient consideration to support a mortgage given to secure that debt, but the mortgage must have some new consideration to support it.

It is urged that this was held upon the theory that in this state a mortgage does not pass a legal title until default and possession taken by the mortgagee, but gives only a lien, a contractual right, which requires consideration to support it.

The deed to Morison was absolute on its face; it contained no defeasance clause. It was intended, however, to secure the payment of money and the property was to be reconveyed upon such payment. Mrs. Townsend remained in possession of the premises and the deed must, in equity, be treated as a mortgage, though not a legal one. This is so because equity looks to the substance and not to the form; it gives effect to the intention of the parties. *Kemper* v. *Campbell*, 44 O. S., 210; *Bank* v. *Tennessee Coal, Iron & R. R. Co.*, 62 O. S., 564.

This action is between the original parties to the instrument, their privies or those holding with notice of the equities (except the Guardian Savings & Trust Company, whose rights will hereafter be mentioned).

If the deed to Morison is to be treated as a gift, as defendants claim, on the theory of their case now being examined, then there must have beeen an intention on the part of Mrs. Townsend to make a gift, consummated by delivery. Delivery of what? Not

of the deed, which she did not intend as an absolute conveyance, but of the land itself, and of this she retained possession.

We consider that neither in the three-party agreement nor in the deed, both executed August 6, 1907, is any consideration found for Mrs. Townsend's promise to pay Cowing's debt, and that neither show an executed gift from Mrs. Townsend to the bank.

It remains to consider whether any such consideration can be found in the agreement of October 18, 1907.

That instrument was signed by the same four persons; it was not signed by the bank. It purports to be a request from said four persons to the bank to accept certain mentioned notes of Cowing to the bank "as evidencing portions of his indebtedness now due said company, and also as evidencing his agreement to repay the same," and recites that "in consideration of said company accepting said notes, we each agree with said company to be bound by and to do and perform the things stipulated as done and to be done by us, respectively, by the terms of a certain writing bearing date August 6, 1907," etc., and "that said company may from time to time extend time for payment of any of the said notes," etc.

This writing doubtless was intended to furnish consideration for the instruments of August 6, 1907, but it fails to do so, because the evidence shows that the notes mentioned in this writing were in the possession of the bank at the time Mrs. Townsend signed this last agreement and were held by it as collateral, *only*, to Cowing's original indebtedness, and, as the writing itself states, these notes were held "as *evidencing* portions of his indebtedness *now due*" the bank and "his agreement to repay *the same*."

Under this agreement the bank suffered no detriment and Mrs. Townsend gained nothing.

Notwithstanding this agreement the bank could still have sued Cowing on this original indebtedness; it did not accept the notes mentioned as *payment* of any part thereof, nor extend or agree to extend time for payment of the indebtedness to which his said notes were collateral.

It follows that neither the Dime Bank, its trustee, Morison, his successor in interest, the Citizens Savings & Trust Company, nor any of the defendants claiming under it, for they took with notice, except the Guardian Savings & Trust Company, are entitled to hold the premises described in the deed to Morison otherwise than as security for Mrs. Townsend's individual and original indebtedness to the Dime Bank.

The Guardian Savings & Trust Company holds a mortgage on the premises for $15,000. It is an innocent purchaser for value without notice, as shown by the evidence. Its claim must be protected. Protection will be afforded it by requiring plaintiff to redeem from it, to the amount of its claim, paying the balance, if any, due from her on her indebtedness to the Citizens Savings & Trust Company. We understand that the other parties, as between themselves, have protected their own rights, or can arrange with regard to them.

Judgment for plaintiff as indicated.